The State, ex rel. Fagain, v. Stork, Director of Department of Public Services, et al.*

(No. 6979—Decided May 8, 1962.)

*Messrs. Barkan & Barkan* and *Mr. Frank J. Neff*, for relator.

*Mr. Russell Leach*, city attorney, *Mr. William B. Shimp*, *Mr. Alba L. Whiteside* and *Mr. Frank A. Reda*, for respondents.

Duffey, P. J.   Respondents have filed a demurrer to relator's petition in mandamus.

Relator alleges that the Columbus Director of Public Safety issued an order discharging relator from his civil service position; that he appealed to the Municipal Civil Service Commission; and that on July 28, 1961, the commission upheld the director's order.

Respondents have demurred on the ground that petitioner has an adequate remedy at law under Section 2506.01 *et seq.*, Revised Code.

The status of the right to appeal in civil service matters is best described as confusion compounded.   With the exception of fire and police personnel, the civil service statutes have for many years provided that the decision of the commission shall be "final."   See Section 486-17(a), General Code.   In 1957 the Legislature adopted Chapter 2506, Revised Code, providing for appeals from "any * * * commission * * * of any political subdivision * * *."   Plausible arguments can be made to support

*Judgment affirmed, 174 Ohio St., 330.

or deny the applicability of this chapter to municipal civil service.

In *State, ex rel. Oliver,* v. *State Civil Service Commission* (1959), 168 Ohio St., 445, the court held that the state Administrative Procedure Act (Sections 119.01 through 119.13, Revised Code) prevailed over the specific provision of Section 143.27, Revised Code, because it was a later enactment. While the decision does not mention the fact, Section 143.27, Revised Code, had been amended and readopted after the enactment of Chapter 119. See 126 Ohio Laws, 90 (1955). However, the 1955 amendment did not affect the final order provision. If one applies the rule that substantial re-enactment of a statute does not generally disturb the interpretation, it might be assumed that the court did not consider the 1955 amendment to be significant. See 50 Ohio Jurisprudence (2d), Statutes, Sections 314 and 316.

Chapter 2506, Revised Code, is general in one sense but arguably is specific as to the subject matter of appeals. By analogy to the situation in *Oliver* where Chapter 119 had been adopted, it may be contended that the adoption of Chapter 2506, Revised Code, in 1957 operated to supersede the specific provision of Section 143.27 of the Revised Code as applied to municipal civil service. Yet differences are apparent. As noted by the court in *Oliver,* Section 119.01 explicitly included the state civil service. See, also, *In re Removal of Taylor, Chief of Police* (1961), 172 Ohio St., 394, at 395. Municipal civil service is not explicitly included in Chapter 2506. It might also be noted that Section 143.27, Revised Code, has a special provision as to municipal police and fire personnel which was inserted and broadened through the years. It would appear, therefore, that the Legislature was fully aware that the statute provided for finality of decisions as to other types of municipal personnel. Yet, in the *Taylor case,* Judge O'Neill appears to have considered Chapter 2506 to be applicable to municipal civil service. See 172 Ohio St., at 399. On that slender basis, we conclude that Chapter 2506 as enacted in 1957 did supersede Section 143.27, Revised Code.

In 1959 Section 143.27, Revised Code, was amended and re-enacted. 128 Ohio Laws, 1064. In Skeel's Ohio Appellate Law, 1961 Supplement, Section 106, it is stated that Chapter 2506 was in turn superseded by this 1959 re-enactment. Conceding that the

drafting was both inadequate and, as far as municipal personnel is concerned, inept, we do not agree. The 1959 amendment was no different with reference to Chapter 2506 than the 1955 amendment was with reference to Chapter 119. Neither amendment dealt with the applicable portion, *i. e.*, the final order provision. Even if we assume that the court in *Oliver* overlooked the 1955 amendment, we believe such re-enactments should not generally create a repeal or modification by implication.

Accordingly, we conclude that since 1957 final orders of a municipal civil service commission concerning non-police and fire personnel are appealable under Chapter 2506. We express no opinion on the effect of the 1961 amendment to Section 143.27, Revised Code.

Relator had, in our opinion, an adequate remedy by way of appeal. The demurrer is sustained. Since amendment could not cure the defect, final judgment will be rendered for respondents.

*Judgment for respondents.*

DUFFY and BRYANT, JJ., concur.